IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-251-BO

| | |
|---|---|
| ERIC E. ROWE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R |
| WAYNE COUNTY SHERIFF DEPUTY<br>SELLERS, DEPUTY BLEYERS, and<br>DEPUTY GUSTAFSON<br>    Defendants. | )<br>)<br>)<br>)<br>) |

This cause comes before the Court following plaintiff's response to the Court's order to file a particularized complaint.

## BACKGROUND

Plaintiff instituted this action by filing a motion for leave to proceed *in forma pauperis*. His motion was granted and his complaint was filed on June 26, 2019. In his original complaint, plaintiff complains of "[a]gressive force, assaulted and suffered fractures to my face and which caused me to have PTSD and bad dreams." [DE 5]. Plaintiff claims that he has suffered permanent damages to his nasal passage, has been in contact with a psychiatrist, and finally that he has evidence that will prove what happened in the altercation. *Id.*

On October 24, 2019, the Court afforded plaintiff an opportunity to file a particularized complaint on or before November 6, 2019. The Court further denied defendants' motion to dismiss without prejudice. [DE 23]. On November 7, 2019, plaintiff filed a document reciting facts which appear to support the allegation made in his original complaint of aggressive force and assault. [DE 24].

## DISCUSSION

Although plaintiff was afforded an opportunity to file a particularized complaint, he failed to file his document within the time provided by the Court. Plaintiff was notified that failure to comply with the Court's order would result in dismissal of his case.

The document filed by plaintiff also suffers from deficiencies. First, the document contains a factual recitation, but makes no assertion of a cause of action or a jurisdictional statement, nor does it seek any remedies. Fed. R. Civ. P. 8(a). Thus, if construed as a particularized complaint, it must be dismissed. Second, even if the Court were to consider the original complaint and plaintiff's purported particularized complaint together, the factual recitation fails to connect any of the defendants named in the original complaint with any of the alleged wrongdoing. Thus, even assuming that plaintiff has made a claim for excessive force in violation of the Fourth Amendment, plaintiff has failed to state a claim upon which relief could be granted. *See, e.g., Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

In sum, plaintiff has failed to comply with the Court's order to file a particularized complaint on or before November 6, 2019. Alternatively, plaintiff's claim is insufficient to survive frivolity review pursuant to 28 U.S.C. § 1915(e)(2) (a court may dismiss at any time an *in forma pauperis* proceeding that fails to state a claim on which relief may be granted).

## CONCLUSION

Accordingly, for the foregoing reasons, this action is DISMISSED in its entirety. The clerk is directed to close the case.

SO ORDERED, this _12_ day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2